# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILIS SAKELLARIDIS,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, CORCORAN STATE PRISON,<br><br>  Respondent. | Case No.  1:14-cv-01527-LJO-GSA-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT<br><br>(ECF No. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a prison disciplinary hearing held on May 16, 2013, in which he was found guilty of fighting.  (Pet., ECF No. 1).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1

1 In this case, Petitioner names "Warden, Corcoran State Prison" as the Respondent. It is 2 insufficient to just name "Warden, Corcoran State Prison" as the Respondent. A petitioner 3 seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody 4 of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-</u> 5 <u>Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 6 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner 7 is the warden of the prison in which the petitioner is incarcerated because the warden has "day-8 to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 9 1992); <u>see also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). 10 However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d 11 at 894; <u>Stanley</u>, 21 F.3d at 360.

12 Petitioner's failure to name a proper respondent requires dismissal of his habeas petition 13 for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 14 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd 15 Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by 16 amending the petition to name a proper respondent, such as the name of the warden of his 17 facility. <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other* 18 *grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name 19 proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). In the 20 interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner 21 may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" 22 wherein Petitioner may name the proper respondent in this action.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ORDER**

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **October 16, 2014**                          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

3