# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILLIS SAKELLARIDIS,<br><br>        Petitioner,<br><br>    v.<br><br>DAVE DAVEY, Warden,<br><br>        Respondent. | Case No.  1:14-cv-01527-LJO-GSA-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 14) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent is represented in this action by Amy Daniel of the Office of the Attorney General of California.  Pending before the Court is Respondent's motion to dismiss the petition as moot.

## I.

### BACKGROUND

Petitioner is in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison pursuant to a judgment of the San Bernardino County Superior Court for robbery.

On September 24, 2014, Petitioner filed the instant petition for writ of habeas corpus in this Court.  (ECF No. 1).  Petitioner challenges a disciplinary proceeding as a result of a Rules Violation Report ("RVR") which was issued on May 2, 2013, on disciplinary action Log # 3C-

13-05-004.  At the disciplinary hearing held by a disciplinary hearing officer (DHO) on May 16, 2013, Petitioner was found guilty of fighting, and sanctioned with a loss of ninety days of credit. (ECF No. 1 at 28, 32).[1]  Petitioner argues that his due process rights were violated because he was denied two inmate witnesses and the evidence in the record is insufficient to rebut Petitioner's claim of self defense and find him guilty of fighting.  (ECF No. 1 at 15-17).

Prior to the challenged disciplinary proceeding, Petitioner had another disciplinary conviction for fighting.  (ECF No. 20 at 4-14).  On April 17, 2013, Petitioner received a RVR for fighting in Log # 3C-13-04-021.  (ECF No. 20 at 4).  On April 22, 2013, Petitioner appeared before a DHO for a disciplinary hearing.  (ECF No. 20 at 5).  Petitioner was found guilty of Fighting, a Division D offense, and he had to forfeit 90 days of credit as a result of a disciplinary conviction in Log # 3C-13-04-021 for fighting.  (ECF No. 20 at 4-14).

On December 22, 2014, Respondent filed a motion to dismiss the instant petition.  (ECF No. 14).  On January 5, 2015, Petitioner filed his opposition to Respondent's motion to dismiss. (ECF No. 15).  On January 12, 2014, Respondent filed his reply to Petitioner's opposition.  (ECF No. 16).  On February 18, 2015, the undersigned directed petitioner to lodge documents associated with Log # 3C-13-04-021 with the Clerk of Court.  (ECF No. 18).  On March 5, 2015, Petitioner lodged exhibits with the Clerk of Court.  (ECF No. 20).

## II.

## DISCUSSION

Respondent argues that Petitioner's claims are moot, because Petitioner's ninety days of credit associated with the challenged disciplinary proceeding were restored.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 374-75 (1983) (per curiam).  Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable

---

[1] Page numbers refer to the ECF page numbers.

1  judicial decision.  Id.  A case becomes moot if "the issues presented are no longer 'live' or the

2  parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481,

3  102 S.Ct. 1181, 1183 (1982) (per curiam) (internal citations omitted).  Federal courts are

4  "without power to decide questions that cannot affect the rights of the litigants before them."

5  North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971) (per curiam).  A petition for

6  writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a

7  favourable decision of the court issuing a writ of habeas corpus.  Burnett v. Lampert, 432 F.3d

8  996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140

9  L.Ed.2d 43 (1998)).

10  Here, documentation submitted by Respondent in support of the motion to dismiss

11  demonstrates that the credits which Petitioner forfeited as a result of the challenged disciplinary

12  conviction were restored to him.  (ECF No. 14-1 at 2).  However, Petitioner argues that the Court

13  still has jurisdiction over the instant petition because as a result of the disciplinary decision he

14  was ineligible for credit restoration on an unrelated, prior disciplinary conviction, and he could

15  not accrue credits for the 180 days that he was in workgroup C.

16  When, because of intervening events, a court cannot give any effectual relief in favor of

17  the petitioner, the proceeding should be dismissed as moot.  See Calderon v. Moore, 518 U.S.

18  149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996).  In general, a habeas petition challenging a

19  prison disciplinary action no longer presents such a case or controversy, and therefore, becomes

20  moot, when the punishment for the action has been withdrawn or completed at the time of the

21  petition.  See Wilson v. Terhune, 319 F.3d 477, 479, 481-82 (9th Cir. 2003).  Where the

22  petitioner can show that "collateral consequences" flow from the disciplinary action (i.e.,

23  circumstances beyond the punishment imposed that constitute an actual injury), however, the

24  case remains justiciable.  Id. at 479-80.  The mootness inquiry requires a determination whether

25  Petitioner has alleged facts showing that the disciplinary sanctions against him have not yet been

26  completed or that collateral consequences of the disciplinary action cause his case to remain live.

27  Although the challenged RVR contributed to Petitioner being placed in prison work

28  group C for 180 days, and consequently, caused him to lose the opportunity to earn work time

credits, that is not a collateral consequence that is sufficient for the instant petition to remain justiciable.  Such a deprivation does not rise to the level of a collateral consequence because California prison inmates have no constitutionally-protected liberty interest in earning credits for work.  See Cal.Penal Code § 2933(c) ("Credit is a privilege, not a right."); Toussaint v. McCarthy, 801 F.2d 1080, 1094–95 (9th Cir. 1986) (concluding that "[S]ection 2933 merely creates a possibility of early release; it does not create a constitutionally protected liberty interest"); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) (finding that appellant's due process challenge concerning his accrual of work time credits was foreclosed by Toussaint). Courts have concluded that "the act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively *earn* time credits.  Prisoners have no liberty interest in earning work time credits or participating in work programs." Ellington v. Clark, No. 1:09–cv–0054–DLB, 2009 WL 1295781 at *6 (E.D.Cal. May 8, 2009) (emphasis in original). Therefore, the fact that Petitioner was placed in work group C and unable to earn work time credits for 180 days is not a sufficient collateral consequence that causes the case to remain justiciable.

Petitioner argues that the petition is justiciable because as a result of the challenged disciplinary conviction he was ineligible for credit restoration on a prior disciplinary conviction. Petitioner alleges that on April 17, 2013, prior to the prison disciplinary violation which he challenges in this habeas proceeding, he forfeited 90 days of good time credits due to an unrelated prison disciplinary proceeding on Log # 3C-13-04-021.  Petitioner argues that if he had not received the instant disciplinary conviction, he would have been eligible for credit restoration of the 90 days of good time credits which he had forfeited on Log #3C-13-04-021.  Respondent argues that Petitioner's credit restoration application on Log # 3C-13-04-021 is not a collateral consequence of the challenged disciplinary conviction that will preserve federal habeas jurisdiction.  Respondent argues that Petitioner's credit restoration claim relies on the application of state law, and therefore, is not enforceable in federal habeas.  See Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011). However, Petitioner is not challenging the denial of the credit restoration on Log # 3C-13-04-021.  Petitioner only addresses credit restoration on Log # 3C-13-04-021 for

1   purposes of whether the Court has jurisdiction over the instant petition.  Petitioner is not arguing

2   that credit on Log #3C-13-04-021 should actually be restored.

3        The Ninth Circuit has held that allegations that a rule violation finding will adversely

4   affect the petitioner's classification, institutional and housing assignments, privileges or may

5   result in a delay or denial of parole, involve discretionary decisions that are too speculative to

6   constitute sufficient proof of collateral consequences.  See Wilson, 319 F.3d at 481–82.  When

7   presented with a habeas jurisdiction by a petitioner with an indeterminate sentence challenging a

8   prison disciplinary action, the Ninth Circuit held that "Habeas corpus jurisdiction also exists

9   when a petitioner seeks expungement of a disciplinary finding from his record if expungement is

10  likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1296

11  (9th Cir. 1989).  Subsequently, the Ninth Circuit held that habeas jurisdiction is available when

12  success on the merits of a petition "could potentially affect the duration of [petitioner's]

13  confinement."  Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004).

14       Therefore, the Court must determine whether expungement of the challenged disciplinary

15  conviction will potentially have an effect on the duration of Petitioner's confinement by looking

16  at whether restoration of the time credits on Log #3C-04-021 is not a discretionary decision that

17  is too speculative to be a collateral consequence of the instant petition.  See Docken, 393 F.3d at

18  1031; Wilson, 319 F.3d at 481-82.

19       Title 15 California Code of Regulations § 3327 provides for restoration of credits

20  forfeited for specified, lesser disciplinary offenses, but restoration of credits is not automatic nor

21  is it guaranteed.  Title 15 California Code of Regulations § 3327(2) provides that "No credit shall

22  be restored if the inmate is found guilty of any subsequent rule violation that occurred within the

23  required disciplinary-free periods provided in Section 3328."  Title 15 California Code of

24  Regulations § 3328(b) provides that inmates may apply for restoration of credit forfeited for

25  division "D" and "E" offenses after remaining disciplinary free for 180 days.  Once the

26  disciplinary-free period has passed, the inmate may apply to their caseworker for restoration of

27  credits and a hearing will held.  See 15 CCR § 3327(b).  Once a hearing has been granted, credit

28  restoration is mandatory unless "it is determined that the inmate has, since the disciplinary

infraction leading to the credit forfeiture, refused or failed to perform in a work, training, or educational assignment during the required disciplinary-free period, or under extraordinary circumstances as described in section 3329." See 15 CCR § 3327(c).  Title 15 California Code of Regulations § 3329 provides:

> (a) Extraordinary circumstances are significant factors which aggravate the seriousness of a rule violation. A finding of factors in aggravation shall be cause to postpone restoration for one additional disciplinary-free period.
>
> (b) Extraordinary circumstances include:
>
> (1) The victim was particularly vulnerable.
> (2) Multiple victims were involved.
> (3) The inmate induced others to participate in the act or occupied a position of leadership or dominance over the other participants.
> (4) The inmate threatened witnesses, prevented or dissuaded witnesses from testifying, induced others to perjure themselves or in any way interfered in the investigation or adjudication of the act.
> (5) The inmate's misconduct included other acts which could have resulted in the forfeiture of additional credits.
> (6) The plan, sophistication, or professionalism with which the act was carried out, or other facts indicating premeditation.
> (7) The inmate involved nonprisoners in the act.
> (8) The act involved a large quantity of contraband.
> (9) The inmate took advantage of a position of trust or confidence.
> (10) The inmate engaged in a pattern of violent conduct.
> (11) The inmate's record documents numerous acts of and/or increasingly serious misconduct.

Here, Petitioner received the RVR on Log # 3C-13-04-021 for fighting, in violation of CCR 15 § 3005(d)(1), a division D offense, and was found guilty and lost 90 days of time credits.  (ECF No. 20 at 4-6).  Petitioner was able to apply for restoration of credits on the RVR for Log #3C-13-04-021 after 180 days, because it was a D offense.  See 15 CCR § 3328(b).  However, during that 180 day time period before Petitioner could apply for restoration of credits, he received the instant RVR on Log # 3C-13-05-004.

On February 27, 2015, Petitioner's application for restoration of credits for Log # 3C-13-04-021 was denied.  (ECF No. 20 at 2).  Petitioner's counselor wrote that Petitioner "do[es] not meet criteria for restoration of credit for RVR dated 4/17/13, Log # 3C-13-04-021 based on CCR 3328(b). [Petitioner] received RVR dated 5/2/13, Log # 3C-13-05-004."  (ECF No. 20 at 2).  Therefore, the only reason that Petitioner's counselor listed for denying a credit restoration

hearing was the challenged disciplinary conviction on Log # 3C-13-05-004.  If Petitioner's disciplinary conviction is expunged, he would be entitled to a credit restoration hearing.  At the credit restoration hearing, he could only be denied restoration of credits on Log # 3C-13-04-021 if he "refused or failed to perform in a work, training, or educational assignment during the required disciplinary-free period, or under extraordinary circumstances as described in section 3329."  15 CCR § 3327(c).  Although Petitioner may have refused or failed to perform in a work, training, or educational assignment during the disciplinary-free period, there is no proof of that in the record before this Court.  That determination would be made at the credit restoration hearing.

If the Petitioner did not refuse or fail to perform in a work, training, or educational assignment during the disciplinary-free period, then he could only be denied restoration of credits under extraordinary circumstances as defined in section 3329.  While that would be a discretionary decision that is up to the restoration hearing board, if the board finds that extraordinary circumstances apply, then that is only "cause to postpone restoration for one additional disciplinary-free period."  See 15 CCR § 3329(a).  Therefore, if the restoration hearing board finds extraordinary circumstances, Petitioner would not be denied restoration, but the restoration would be postponed one additional disciplinary-free period.  See 15 CCR § 3329(a).  If Petitioner remained disciplinary-free for the additional time period, then he would be entitled to credit restoration.

If Petitioner is successful in expunging the RVR that he challenges in the instant petition, he will be able to apply for and have a hearing for credit restoration on Log # 3C-13-04-021.  Although he may ultimately be denied restoration of credits for Log # 3C-13-04-021, the Court finds that based on the record before this Court and the circumstances of this case, restoration of credits on Log # 3C-13-04-021 is not too speculative if Log # 3C-13-05-004 is expunged.  Credit restoration on Log # 3C-13-04-021 is a collateral consequence that flows from the disciplinary conviction on Log # 3C-13-05-004 that causes the instant petition to remain justiciable.  Therefore, the Court concludes that the matter is not moot because success in the instant petition could have an effect that is not too speculative on the restoration of credits, and thus, a speedier release from custody.

**III.**

**FINDINGS AND RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be DENIED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 9, 2015**                        **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE