# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILLIS SAKELLARIDIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVE DAVEY, Warden,<br><br>　　　　Respondent. | Case No.  1:14-cv-01527-LJO-GSA-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION (ECF No. 21)<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS (ECF No. 14) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 9, 2015, the Magistrate Judge issued a Findings and Recommendation that recommended that Respondent's motion to dismiss be denied.  (ECF No. 21).  On April 9, 2015, the Findings and Recommendation was served on all parties.  Petitioner filed two objections to the Findings and Recommendations.  (ECF Nos. 22 & 23).  Respondent did not file objections or a reply to Petitioner's objections.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.

The Magistrate Judge found that credit restoration on Log # 3C-13-04-021 is a collateral consequence that flows from the disciplinary conviction on Log # 3C-13-05-004 that causes the instant petition to remain justiciable.  (ECF No. 21 at 7).  Therefore, the Magistrate Judge found that the case is not moot and recommended denying Respondent's motion to dismiss.  The Court

1

1 finds that the Magistrate Judge's analysis that the credit restoration on Log # 3C-13-04-021 is a
2 collateral consequence that causes the instant petition to remain justiciable is correct and does
3 not need to be modified.  As the Magistrate Judge found that there is a collateral consequence
4 that flows from the disciplinary conviction on Log # 3C-13-05-004, the instant petition remains
5 justiciable.

6    Petitioner argues that his placement in work group C, which caused him to be ineligible
7 for credit accrual, rises to the level of a collateral consequence sufficient for the case to remain
8 justiciable.  (ECF No. 23 at 1).[1]  The Magistrate Judge found that the fact that Petitioner was
9 placed in work group C and unable to earn work time credits for 180 days is not a sufficient
10 collateral consequence that causes the case to remain justiciable.  (ECF No. 21 at 4).

11    Section 3040(a) of Title 15 of the California Code of Regulations states that "[e]very
12 ablebodied" prisoner is obligated to work and/or obtain an education.  Such prisoners are placed
13 in a specific work group, designated A-1, A-2, B, C, D-1, and D-2.  Section 3044 of Title 15 of
14 the California Code of Regulations provides that Work Group C is Disciplinary Unassigned and
15 is for "any inmate who twice refuses to accept assigned housing, or who refuses to accept or
16 perform in an assignment, or who is deemed a program failure as defined in section 3000, shall
17 be placed in Work Group C for a period not to exceed the number of disciplinary credits
18 forfeited due to the serious disciplinary infraction(s)."  When Petitioner was placed in workgroup
19 C, he was denied the privilege of participating in work programs and accruing credits during that
20 time.

21    Petitioner is correct that California Penal Code § 2933 was amended in 2010.  The Ninth
22 Circuit has concluded that Section 2933 does not create a liberty interest in earning worktime
23 credits.  Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (concluding that
24 "[S]ection 2933 merely creates a possibility of early release; it does not create a constitutionally
25 protected liberty interest."); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) (finding that

---

[1] The Court notes that because the Court has already concluded that the petition is justiciable, it is inconsequential whether placement in work group C is a collateral consequence sufficient to keep the case justiciable.  However, the Court will also review the Magistrate Judge's findings on Petitioner's argument that his placement in work group C is a collateral consequence sufficient for the case to remain justiciable.

appellant's due process challenge concerning his accrual of work time credits was foreclosed by Toussaint); <u>Franklin v. Knowles</u>, 428 F. App'x 777, 778 (9th Cir. 2011) (state court's denial of due process challenge to credit accrual statute "was neither contrary to, nor an unreasonable application of, clearly established federal law…California prisoners do not have a protected liberty interest in earning work time credits."). The Ninth Circuit has not decided whether the current version of Section 2933 creates a liberty interest. Section 2933 of the California Penal Code still provides that "[c]redit is a privilege, not a right." Therefore, Petitioner has no protected liberty interest in earning such credits under California Penal Code § 2933 and Petitioner's placement in work group C is not a collateral consequence that is sufficient for a habeas petition to remain justiciable.

Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendation.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued April 9, 2015, is ADOPTED IN FULL;

2. Respondent's motion to dismiss is DENIED; and

3. The matter is REFERRED BACK to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

   Dated:   **July 16, 2015**               **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE