# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILIS SAKELLARIDIS,<br><br>    Petitioner,<br><br>    v.<br><br>DAVE DAVEY,<br><br>    Respondent. | 1:14-cv-01527-LJO-GSA-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT<br>(ECF No. 30) |

    Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On September 29, 2014, Petitioner filed a petition for writ of habeas corpus in this Court. (ECF No. 1). On July 16, 2015, District Judge Lawrence J. O'Neill denied Respondent's motion to dismiss and referred the matter back to the undersigned for further proceedings. (ECF No. 25). On July 20, 2015, this Court issued an order to respond and set a briefing schedule. (ECF No. 27). On September 18, 2015, Respondent filed a motion for an extension of time to file his answer. (ECF No. 28). On September 23, 2015, the Court granted Respondent's motion for an extension of time to file his answer. (ECF No. 29). On September 28, 2015, Petitioner filed a motion for default judgment. (ECF No. 30).

    Default judgments in habeas corpus proceedings are not available as a procedure to empty state prisons. Title 28, United States Code, Section 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the

Constitution or laws or treaties of the United States." Section 2243 of Title 28, United States Code provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." In Townsend v. Sam, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Supreme Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The failure of state officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof. See Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (holding that Respondent's failure to timely respond to petition does not entitle Petitioner to default).

Here, Petitioner argues that Respondent has defaulted because he did not submit his response to the petition within the time period proscribed in the Court's order to respond. (ECF No. 30). Petitioner also requests that Respondent's first request for an extension of time to file an answer be denied. (ECF No. 30). The Court's July 20, 2015 order to respond ordered Petitioner to file an answer to the petition within sixty days of the date of service of the order. (ECF No. 27). The order to respond was served on Respondent on July 20, 2015. Respondent filed a motion for an extension of time to file an answer on September 18, 2015, which is within sixty days of the date of service of the July 20, 2015 order to respond. On September 23, 2015, the Court found good cause for an extension of time and granted Respondent's motion for an extension of time to file his answer to and including October 2, 2015. (ECF No. 29). Therefore, Respondent has not defaulted.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for default judgment is DENIED.

IT IS SO ORDERED.

   Dated:  **October 1, 2015**          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE