# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILIS SAKELLARIDIS, | Case No. 1:14-cv-01527-LJO-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| DAVE DAVEY, | |
| Respondent. | |

Petitioner Vasilis Sakellaridis is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges a prison disciplinary proceeding on the basis that he was denied two inmate witnesses at the disciplinary hearing, in violation of due process. The Court recommends denial of the petition because the state court decision denying habeas relief was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact.

## I.

## BACKGROUND

Petitioner currently is in the custody of the California Department of Corrections and Rehabilitation at the California State Prison, Corcoran on a fourteen-year sentence pursuant to a judgment of the San Bernardino County Superior Court for robbery. On May 2, 2013, Officer N. Gonzalez saw Petitioner and Inmate Teran fighting on the west yard along the track. They were striking each other with clenched fists in the facial and upper body areas. All inmates on the yard

1

were ordered to get down, and as Officer Gonzalez and yard staff approached Petitioner and Inmate Teran, both stopped fighting and complied with staff orders to get down without further incident. (ECF No. 1 at 28).[1] Officer B. Anderson observed Petitioner and Inmate Teran striking each other with fists in the upper torso and facial areas. They continued to fight after all the inmates on the yard were ordered to get down. When responding staff were within approximately fifteen feet, Petitioner and Inmate Teran separated and complied with orders. (Id. at 29). According to a medical report, Petitioner had a scratch on his left cheek and a reddened nose and Inmate Teran had a scratch on his left cheek. (Id. at 31, 35–36).

Petitioner was charged with fighting in Rules Violation Report Log No. 3C-13-05-004, dated May 2, 2013, and a disciplinary hearing was held on May 16, 2013. (ECF No. 1 at 28). Petitioner pleaded not guilty and stated, "I was attacked and had to defend myself." (Id. at 30). Petitioner requested to call the following witnesses: Officer N. Gonzalez, Officer B. Anderson, Inmate Coen, and Inmate Lopez. (Id. at 30, 33). The Senior Hearing Officer ("SHO") only granted Petitioner's request to call Officers Gonzalez and Anderson. (Id. at 30). After considering the evidence, the SHO found Petitioner guilty of fighting, a Division D offense. Petitioner was assessed a penalty of temporary placement in Privilege Group C for ninety days and the loss of ninety days of credit. (Id. at 28).

After administratively appealing the decision, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court. (ECF No. 32-1). The petition was denied on January 21, 2014. (ECF No. 32-2). Thereafter, Petitioner filed a habeas petition in the California Court of Appeal, Fifth Appellate District, which summarily denied the petition on April 24, 2014. (ECF Nos. 32-3, 32-4). Finally, Petitioner filed a habeas petition in the California Supreme Court, which summarily denied the petition on July 9, 2014. (ECF Nos. 32-5, 32-6).

On September 29, 2014, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Respondent has filed an answer to the petition, and Petitioner has filed a traverse. (ECF Nos. 32, 36).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Petitioner challenges the disciplinary proceeding arising from Rules Violation Report Log No. 3C-13-05-004, dated May 2, 2013. Petitioner contends that his due process rights were violated because he was denied two inmate witnesses at the disciplinary hearing held on May 16, 2013, and the evidence in the record is insufficient to rebut his claim of self-defense and support a finding of guilt for fighting.

### A. Jurisdiction

A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In the answer, Respondent states that Petitioner "is not entitled to federal habeas relief because the disciplinary conviction at issue did not implicate the fact or duration of his confinement." (ECF No. 32 at 3). Respondent previously moved to dismiss the petition on the same basis, arguing, *inter alia*, that because Petitioner's lost credit was restored on June 9, 2014, the disciplinary action's impact on the fact or duration of Petitioner's confinement had been nullified and therefore habeas jurisdiction was lacking. (ECF No. 14 at 4). The Court issued findings and recommendation recommending denial of the motion to dismiss. (ECF No. 21). The Court found that if Petitioner is successful in expunging the rules violation report challenged in the instant petition, he will eligible for credit restoration on a prior disciplinary conviction, which would shorten the duration of Petitioner's confinement. (Id. at 7). Respondent did not file objections to the findings and recommendation, and the district judge denied the motion to dismiss. (ECF No. 25). The Court will not reconsider this issue.

### B. Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Williams v. Taylor, 529 U.S. 362, 413 (2000). Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, the "AEDPA's highly deferential standards" apply. Ayala, 135 S. Ct. at 2198. However, if the state court did not reach the merits of the claim, the claim is reviewed *de novo*. Cone v. Bell, 556 U.S. 449, 472 (2009).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. In addition, the Supreme Court decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under the AEDPA and the Court must defer to the state court's decision. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008) (alterations in original) (quoting Wright v. Van Patten, 552 U.S. 120, 125, 123 (2008)).

If the Court determines there is clearly established Federal law governing the issue, the Court then must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court decision involves "an unreasonable application of[] clearly established Federal law" if "there is no possibility

4

fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. That is, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

If the Court determines that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," and the error is not structural, habeas relief is nonetheless unavailable unless it is established that the error "had substantial and injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation mark omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

The AEDPA requires considerable deference to the state courts. The Court looks to the last reasoned state court decision as the basis for the state court judgment. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v. Williams, 133 S. Ct. 1088, 1094 n.1 (2013); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). The federal court must review the state court record and "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

**C. Review of Claims**

1. Denial of Witnesses

Petitioner contends that the SHO's denial of Petitioner's request to call Inmates Coen and Lopez as witnesses "was not based upon any concern for institutional safety or in furtherance of any legitimate correctional goal and therefore is a violation of due process according to Wolff [v. McDonnell, 418 U.S. 539 (1974)]." (ECF No. 1 at 15). Respondent acknowledges that Petitioner has the right to call witnesses, but argues that "Wolff recognizes that irrelevant witnesses may be denied." (ECF No. 21 at 7). Respondent contends that because Petitioner does not have a clearly established due process right to claim self-defense in a prison disciplinary proceeding, testimony from the two inmate witnesses supporting Petitioner's claim of self-defense would be irrelevant and the SHO properly denied the request. (Id. at 8).

Petitioner's federal due process claim regarding denial of witnesses was raised in all three of Petitioner's state habeas petitions. (ECF Nos. 32-1, 32-3, 32-5). The Kings County Superior Court found that "the allegations of the petition [we]re insufficient to allow this court to review" whether the SHO's denial of the inmate witnesses was in error. (ECF No. 32-2 at 3). The California Court of Appeal, Fifth Appellate District, and the California Supreme Court summarily denied Petitioner's state habeas petitions. (ECF Nos. 32-4, 32-6). The Court presumes that the California Court of Appeal and the California Supreme Court adjudicated the claim on the merits. Richter, 562 U.S. at 99. Generally, federal courts "look through" summary denials and review the last reasoned state court opinion. See Brumfield, 135 S. Ct. at 2276; Ylst, 501 U.S. at 806. Here, however, the Kings County Superior Court explicitly stated it could not review Petitioner's claim regarding the denial of witnesses due to insufficient allegations[2] and, therefore, did not produce a reasoned decision on the merits upon which the California Court of Appeal or the California Supreme Court could have relied. See Gugliotta v. Garcia, No. 12-55246, 2015 WL 6153750, at *3 (9th Cir. Oct. 20, 2015). Accordingly, the Court must review

---

[2] In finding that it could not review the claim, the Kings County Superior Court cited to People v. Duvall, 9 Cal.4th 464, 474 (1995). The Ninth Circuit has interpreted citations to Duvall in state court denials of habeas relief "as, in effect, the grant of a demurrer, *i.e.*, a holding that [the petitioner] had not pled facts with sufficient particularity" and thus, finding the claim "procedurally deficient under California law." Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006).

the state court record and "determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

The law concerning a prisoner's Fourteenth Amendment liberty interest in good time credit is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good time credit, an inmate has a liberty interest in good time credit when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. See id. at 557 ("It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior.").

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff, 418 U.S. at 555. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent v. Hill, 472 U.S. 445, 454–55 (1984)). When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least twenty-four hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. See Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563–67.

With respect to witnesses in a prison disciplinary hearing that may result in the loss of good time credits, the Supreme Court stated:

> Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority . . . . Although

> we do not prescribe it, it would be useful for the [prison officials] to state [their] reasons for refusing to call a witness, *whether it be for irrelevance, lack of necessity*, or the hazards presented in individual cases.

Wolff, 418 U.S. at 566 (emphasis added). Thus, the Supreme Court in Wolff recognized that a request for witnesses may be properly denied when the anticipated testimony is not relevant or necessary to the matter in controversy. See Sandin v. Conner, 515 U.S. 472, 491 (Ginsburg, J., dissenting). Pursuant to the due process requirements outlined in Wolff, "prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify." Ponte v. Real, 471 U.S. 491, 497 (1985).

Here, Petitioner requested to call as witnesses Officers Gonzalez and Anderson, and Inmates Coen and Lopez. (ECF No. 1 at 30, 33). The SHO noted that he and Petitioner "discussed the *relevancy* of the witness(es) [sic] participation and anticipated testimony." (Id. at 30) (emphasis added). Thereafter, the SHO only granted Petitioner's request to call Officers Gonzalez and Anderson. (Id.). Thus, the record implies, and the state court reasonably could have determined as a matter of fact, that the SHO denied Petitioner's request to call Inmates Coen and Lopez as witnesses based on irrelevance.

However, Petitioner contends that the inmates' testimony was relevant to his claim of self-defense because the inmates were witnesses to the "initial conflict" that the officers did not see. (Id. at 11). The Supreme Court and the Ninth Circuit have not addressed whether prisoners have the right to assert self-defense in disciplinary proceedings. See MacMillan v. Pontesso, 73 F. App'x 213, 214 n.3 (9th Cir. 2003). Other circuits have determined that in prison disciplinary matters, an inmate's actions conducted in self-defense are not entitled to immunity. See, e.g., Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011) ("[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings."); Kenney v. Barron, 239 F. App'x 494, 495 (11th Cir. 2007) (finding no due process violation in prison disciplinary proceeding when officials did not turn over investigation report concluding inmate acted in self-defense because report was based on information considered by hearing officer); Brown v. Wyo. Dep't of Corr. State Penitentiary Warden, 234 F. App'x 874, 880 (10th Cir.

2007) (rejecting inmate's self-defense argument because a reasonable jurist would conclude that "some evidence" supports prison discipline decision); Williams v. Kort, 223 F. App'x 95, 100 (3d Cir. 2007) ( "[P]risoners do not have a federal constitutional right to self-defense.").

Given that the Supreme Court has not addressed whether prisoners have the right to assert self-defense in disciplinary proceedings, and in light of the circuit decisions cited above, the state court reasonably could have determined that the testimony of Inmates Coen and Lopez in support of Petitioner's self-defense argument was irrelevant because an inmate's actions conducted in self-defense are not entitled to immunity. As the Supreme Court in Wolff recognized that a request for witnesses may be properly denied when the anticipated testimony is not relevant or necessary to the matter in controversy, the state court reasonably could have found that the SHO's rejection of the request for inmate witnesses did not deny Petitioner due process. The state court's decision to deny relief is not contrary to, or an unreasonable application of, Wolff. The state court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, the Court must defer to the state court's decision, and the claim must be denied.

2. Sufficiency of the Evidence

In the petition, Petitioner purports to raise only one ground for relief. (ECF No. 1 at 4). However, Petitioner argues in the memorandum "that the refusal to allow Petitioner to call [the inmate] witnesses resulted in an inability to determine what evidence would have come from those witnesses (without which the court could not evaluate the sufficiency of the evidence)[.] A denial based on 'some' evidence is both contrary to Wolff and an unreasonable application of Hill." (ECF No. 1 at 12). The Court "must construe *pro se* habeas filings liberally." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (citing Maleng v. Cook, 490 U.S. 488 (1989)). To the extent that Petitioner raises a separate due process claim with respect to the sufficiency of the evidence supporting the SHO's decision to revoke good time credits, the Court notes that this claim may not have been fairly presented to the California Supreme Court and thus, may implicate exhaustion concerns. However, pursuant to 28 U.S.C. § 2254(b)(2), the Court may

deny an unexhausted claim on the merits "when it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (adopting the standard set forth in Granberry v. Greer, 481 U.S. 129, 135 (1987)).

The Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Hill, 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Id. at 455–56. Here, the written reports of the incident provide that Officers Gonzalez and Anderson both personally observed Petitioner and Inmate Teran striking each other with fists in the facial and upper body areas. (ECF No. 1 at 28–29). Therefore, the Court finds that there is "some evidence" to support the decision to revoke good time credits. As it is "perfectly clear" that Petitioner does not raise a colorable federal due process claim with respect to the sufficiency of the evidence, the Court may deny the claim on the merits pursuant to 28 U.S.C. § 2254(b)(2).

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 14, 2016**__         /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE